UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| INNOVATION PRODUCTS, INC., § § Plaintiff, § § v. § § M/V SEA TRAIN § her engines, tackle, etc., *in rem*; § SEA BRIDGE SHIPPING § MANAGEMENT CO., LTD.; § HONGKONG NEW SILK ROAD § SHIPPING LIMITED; and § COOPER/PORTS AMERICA, LLC, § *in personam*, § § Defendants. § | C.A. No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Innovation Products, Inc. ("Innovation"), by and through its undersigned attorneys, allege the following upon information and belief:

1. All and singular of the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and fall within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

2. At all relevant times, Plaintiff had the legal status and principal offices and places of business stated in Schedule A, annexed hereto and by this reference made part hereof.

3. At all relevant times, Sea Bridge Shipping Management Co., Ltd. ("Sea Bridge") has and had the legal status and office and place of business stated in Schedule A, has been and is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the captioned vessel.

4. At all relevant times, Hongkong New Silk Road Shipping Limited ("Silk Road") has and had the legal status and office and place of business stated in Schedule A, has been and is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the captioned vessel.

5. At all relevant times, the captioned vessel was and is a general ship employed in the common carriage of merchandise by water for hire, and will be, during the pendency of this action, within this district and within the jurisdiction of this Honorable Court.

6. On or about the date and at the port of shipment stated in Schedule A, the shipper recited therein delivered to Sea Bridge, Silk Road and the captioned vessel, as common carriers, the shipment described in Schedule A, then being in good order and condition, and Sea Bridge, Silk Road, and the captioned vessel then and there accepted said shipment so shipped and delivered to them and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry said

shipment to the port of destination stated in Schedule A, and there deliver the same in like good order and condition as when shipped, delivered to, and received by them to the consignees recited in Schedule A.

7. Thereafter, while in transit and in their care, custody and control, Defendants Sea Bridge, Silk Road and the captioned vessel physically damaged the shipment described in Schedule A in violation of their obligations and duties as common carriers of merchandise by water for hire.

8. Damage to the shipment described in Schedule A resulted from the design or neglect of Defendants, Sea Bridge, Silk Road and the captioned vessel.

9. By reason of the premises, Plaintiff sustained damages in the amount of $827,144.48, as nearly as can now be estimated, no part of which has been paid although duly demanded.

FIRST CAUSE OF ACTION AGAINST
DEFENDANTS SEA BRIDGE SHIPPING MANAGEMENT CO., LTD.;
HONGKONG NEW SILK ROAD SHIPPING LIMITED; AND
M/V SEA TRAIN:
BREACH OF CONTRACT OF MARINE CARRIAGE

10. Paragraphs 1 through 9 are incorporated by reference as though fully set forth at length herein.

11. On or about 22 January 2022, while the M/V SEA TRAIN was secured starboard side to the dock operated and controlled by Defendant Cooper/Ports America,

LLC ("C/PA"), in the port of Houston, Texas, a fire broke out in number three (3) hold which contained Plaintiff's cargo.

12. Damage to the shipment described in Schedule A resulted from the fire caused by the design or neglect of Defendants, Sea Bridge, Silk Road and the captioned vessel.

13. The fire of 22 January 2022 was also caused by breaches of Defendant C/PA as set forth further in this Complaint.

14. Based upon the above premises, the Defendants, Sea Bridge, Silk Road and the M/V SEA TRAIN are liable to Plaintiff in the amount of $827,144.48.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT COOPER/PORTS AMERCIA, LLC: NEGLIGENCE

15. Paragraphs 1 through 14 are incorporated by reference as though fully set forth at length herein.

16. Defendant Cooper/Ports America, LLC ("C/PA") is a domestic limited liability company with is principal place of business in Alabama, doing business in the state of Texas for the purpose of monetary profit, and may be served with process through its registered agent, David Morgan, 2315 McCarty Drive, Houston, Texas 77029.

17. At all material times hereto, C/PA provided the stevedore services aboard the captioned vessel while discharging operations were conducted in the port of Houston, Texas.

18. C/PA failed to properly train and supervise their employees, longshoremen, and independent workers to reasonably and safely perform their stevedore duties.

19. C/PA acted negligently in performing their stevedoring duties, and their negligence proximately caused the physical loss of and damage to Plaintiff's cargo and resultant money losses in the amount of $827,144.48.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT COOPER/PORTS AMERCIA, LLC: BREACH OF WARRANTY OF WORKMANLIKE SERVICE

20. Paragraphs 1 through 14 are incorporated by reference as though fully set forth at length herein.

21. C/PA breached their warranty of workmanlike service to Plaintiff, and their breach proximately caused the physical loss of and damage to Plaintiff's cargo and resultant money losses in the amount of $827,144.48.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT COOPER/PORTS AMERCIA, LLC: BREACH OF BAILMENT

22. Paragraphs 1 through 14 are incorporated by reference as though fully set forth at length herein.

23. C/PA breached their duties as bailee of Plaintiff's cargo, and their breach proximately caused the physical loss of and damage to Plaintiff's cargo and resultant money losses in the amount of $827,144.48.

## FOURTH CAUSE OF ACTION FOR
## ATTORNEY'S FEES AGAINST ALL DEFENDANTS

24. Paragraphs 1 through 14 are incorporated by reference as though fully set forth at length herein.

25. In addition to the aforementioned damages, Plaintiff hereby demands statutory attorney's fees as allowed by section 38.001 of the Texas Civil Practice and Remedies Code, Texas state law, and applicable maritime law.

WHEREFORE, Plaintiff prays:

1. That process in due form of law issue against all Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if any and or all Defendants cannot be found within this District, then all their property within this District be attached in the sum of $827,144.48, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment be entered in favor of Plaintiff against all Defendants for the amount of Plaintiff's damages, together with interest, costs, disbursements and attorney's fees for this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, issue against the captioned vessel, their engines, tackles, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court pronounce judgment in favor of Plaintiff for their damages, with interest, costs,

disbursements, and attorney's fees of this action, and that the captioned vessel may be condemned and sold to pay therefor; and;

5. That this Court grant Plaintiff such other and further relief as may be just and proper.

>Respectfully submitted,
>
>*/s/ David S. Toy*
>David S. Toy
>SBN 24048029 / SDTX ID 588699
>DAVID TOY LAW FIRM
>4309 Yoakum Boulevard, Suite 2050
>Houston, TX 77002
>david.toy@davidtoylaw.com
>(T) 713 322 7911
>
>John T. Lillis, Jr. (*pro hac vice* pending)
>KENNEDY LILLIS SCHMIDT & ENGLISH
>125 Maiden Lane - Suite 5C
>New York, NY  10038
>jlillis@klselaw.com
>(T) 212 430 0800
>
>**Attorneys for Plaintiff,**
>***Innovation Products, Inc.***